# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE AARON WILSON, *et al.*, <br><br>        Plaintiff-Petitioners, <br><br> vs. <br><br> FELICIA L. PONCE, *et al.*, <br><br>        Defendant-Respondents. | Case No. 2:20-cv-04451-MWF-MRWx <br><br> PROTECTIVE ORDER RE: PRODUCTION OF INMATE HEALTH RECORDS TO COURT-APPOINTED NEUTRAL |

1.  INTRODUCTION

    1.1   PURPOSES AND LIMITATIONS

    Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Second Stipulated Protective Order re: Production of Inmate Health Records to Court-Appointed Neutral. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment

under the applicable legal principles. The parties further acknowledge, as set forth in Section 10.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

### 1.2 GOOD CAUSE STATEMENT

Good cause exists for this stipulated protective order. This action makes allegations concerning measures that the Defendant-Respondents have taken at FCI Terminal Island, a federal correctional institution, in response to COVID-19. On July 14, 2020, the Court appointed Dr. Michael Rowe to serve as a neutral to perform a site visit of FCI Terminal Island and submit a written report to the Court. After performing a site visit on August 3 and 4, 2020, Dr. Rowe has requested copies of health care records of certain current and former inmates at FCI Terminal Island, which Defendant-Respondents anticipate producing to Dr. Rowe. The production of such materials to Dr. Rowe warrants special protection from public disclosures and from use for any purpose outside of this action. Such confidential materials consist of medical information that is otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state and federal statutes. Accordingly, to protect such information, and to ensure that Dr. Rowe is permitted access to such material for his service as a court-appointed expert and preparation of his report in this action, a protective order for such information is justified in this matter. This protective order applies only to the health care records requested by Dr. Rowe, and does not apply to other documents produced by the Parties.

2. **DEFINITIONS**

2.1 <u>Action</u>: the above-captioned federal lawsuit, *Wilson et. al v. Ponce*, 2:20-cv-04451-MWF-MRW.

2.2 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.5 <u>Party</u>: any party to this Action and their counsel of record (and their support staff).

2.6 <u>Producing Party</u>: Defendant-Respondents.

2.7 <u>Protected Material</u>: any inmate health records produced by Defendant-Respondents designated as "CONFIDENTIAL."

3. **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial will be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until the Producing Party agrees otherwise in writing or a court order otherwise directs. Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. **DESIGNATING PROTECTED MATERIAL**

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

Defendant-Respondents, as the Producing Party, must take care to limit any designation of information or documents for protection under this Order to specific material that qualifies under the appropriate standards. The Producing Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to the Producing Party's attention that information or items that it designated for protection do not qualify for protection, that Producing Party must promptly notify Dr. Rowe and all other Parties that it is withdrawing the inapplicable designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, inmate health records that qualify for protection under this Order must be clearly so designated before they are disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Producing Party identify the Protected Material on the record, before the close of the deposition all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, will identify the protected portion(s).

5.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Producing Party's right to secure protection under this Order for such material. Upon timely correction of a designation, Dr. Rowe must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 <u>Meet and Confer</u>.  The Challenging Party will initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1 et seq.

6.3 The burden of persuasion in any such challenge proceeding will be on the Producing Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Producing Party has waived or withdrawn the confidentiality designation, all parties will continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 <u>Basic Principles</u>. Dr. Rowe may use Protected Material that is disclosed by Defendant-Respondents in connection with this Action only for purposes of his appointment as an expert in this matter.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, Dr. Rowe must comply with the provisions of section 11 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by Dr. Rowe at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Producing Party, Dr. Rowe may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Court and its personnel;

(b) court reporters and their staff;

(c) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

    (d) the particular inmate whose health care records, or whose information about any current or prior sexual offenses, are received; and

    (e) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

  7.3 <u>Disclosure to Counsel for Plaintiff-Petitioners.</u> All Protected Material produced to Dr. Rowe by Defendant-Respondents will simultaneously be produced to counsel for Plaintiff-Petitioners.  Counsel for Plaintiff-Petitioners are not permitted to disclose Protected Material to any other persons.  When the Action has been terminated, counsel for Plaintiff-Petitioners must comply with the provisions of section 11 below (FINAL DISPOSITION).  Protected Material must be stored and maintained at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

  If Dr. Rowe is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," Dr. Rowe must:

    (a) promptly notify in writing Defendant-Respondents' counsel. Such notification will include a copy of the subpoena or court order;

    (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification will include a copy of this Stipulated Protective Order; and

    (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

  If Defendant-Respondents timely seek a protective order, Dr. Rowe will not produce any information designated in this action as "CONFIDENTIAL" before a

determination by the court from which the subpoena or order issued, unless the Party has obtained Respondents' permission. Respondents will bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging Dr. Rowe to disobey a lawful directive from another court.

9. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If Dr. Rowe learns that, by inadvertence or otherwise, he has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, Dr. Rowe must immediately notify in writing the Defendant-Respondents of the unauthorized disclosures.

10. **MISCELLANEOUS**

10.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

10.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, Defendant-Respondents do not waive any right they otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, Defendant-Respondents do not waive any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

10.3   Filing Protected Material.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then Dr. Rowe may file the information in the public record unless otherwise instructed by the Court.

11. <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, all Protected Material must be returned to the Producing Party or destroyed. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, Dr. Rowe and counsel for Plaintiff-Petitioners must confirm in writing to counsel for the Defendant-Respondents by the 60-day deadline that (1) all the Protected Material was returned or destroyed and (2) they have not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Dr. Rowe is entitled to retain an archival copy of his report as well as his notes and work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

12. Any willful violation of this Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

13. A copy of Dr. Rowe's agreement and acknowledgement to be bound by the provisions of this stipulation is attached as Exhibit A to the parties' Second Stipulated Protective Order re: Production of Inmate Health Records to Court-Appointed Neutral.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: August 19, 2020       Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C.

By:   /s/ Naeun Rim
         Naeun Rim*
         Attorneys for Plaintiff-Petitioners

DATED: August 19, 2020       Peter J. Eliasberg
                             Peter Bibring
                             ACLU Foundation of Southern California

By:   /s/ Peter Bibring
         Peter Bibring*
         Attorneys for Plaintiff-Petitioners

| | | |
|---|---|---|
| 1 | DATED: August 19, 2020 | Donald Specter<br>Sara Norman<br>Prison Law Office |
| 2 | | |
| 3 | | By: ___/s/ Donald Specter___<br>Donald Specter* |
| 4 | | Attorneys for Plaintiff-Petitioners |
| 5 | | |
| 6 | DATED: August 19, 2020 | NICOLA T. HANNA<br>United States Attorney<br>DAVID M. HARRIS |
| 7 | | Assistant United States Attorney<br>Chief, Civil Division |
| 8 | | JOANNE S. OSINOFF<br>Assistant United States Attorney |
| 9 | | Chief, General Civil Section |
| 10 | | |
| 11 | | ___/s/ Keith M. Staub___<br>KEITH M. STAUB |
| 12 | | CHUNG H. HAN<br>DANIEL A. BECK |
| 13 | | JASMIN YANG<br>PAUL B. GREEN |
| 14 | | |
| 15 | | Attorneys for Defendant-Respondents |

*Pursuant to Local Rule 5-4.3.4(2), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: August 21, 2020

_____
HON. MICHAEL R. Wilner
United States Magistrate Judge

11