Terry W. Bird – Bar No. 49038
  tbird@birdmarella.com
Dorothy Wolpert – Bar No. 73213
  dwolpert@birdmarella.com
*Naeun Rim – Bar No. 263558
  nrim@birdmarella.com
Shoshana E. Bannett – Bar No. 241977
  sbannett@birdmarella.com
Christopher J. Lee – Bar No. 322140
  clee@birdmarella.com
Jimmy Threatt – Bar No. 325317
  jthreatt@birdmarella.com
BIRD, MARELLA, BOXER,
WOLPERT, NESSIM, DROOKS,
LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Peter J. Eliasberg – Bar No. 189110
  peliasberg@aclusocal.org
Peter Bibring – Bar No. 223981
  pbibring@aclusocal.org
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
1313 W 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5297

Donald Specter – Bar No. 83925
  dspecter@prisonlaw.com
Sara Norman – Bar No. 189536
  snorman@prisonlaw.com
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Facsimile: (510) 280-2704

Attorneys for Plaintiff-Petitioners

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE AARON WILSON; *et al.*,<br><br>Plaintiff-Petitioners,<br><br>vs.<br><br>FELICIA L. PONCE, *et al.*,<br><br>Defendant-Respondents. | Case No. 2:20-cv-04451-MWF-MRW<br><br>JOINT SCHEDULING REQUEST |

In the Minute Order of December 16, 2020, the Court directed the parties "to file a request for motion and trial-dates by next week if the mediation is unsuccessful." (Dkt. 89.) The mediation having been unsuccessful to resolve the

parties' disputes, they hereby submit proposed dates for motions and trial in this matter. The parties were unable to agree on a joint schedule, so the proposals are set forth separately.

***Petitioners' proposal:***

On July 14, 2020, the Court "determine[d] that an independent site visit by a neutral inspector of FCI Terminal Island will inform the Court's determination" on the Second Claim of Petitioners' application for a temporary restraining order or preliminary injunction, regarding prison conditions. (Dkt. 58 at 12.) The Court "reserve[d] judgment on this issue until a neutral expert conducts a site visit of the facility and provides the Court with his or her findings" and appointed Dr. Michael Rowe as the expert. (*Id.*) Dr. Rowe performed the visit and issued his report, which was filed with the Court on August 24, 2020. (Dkt. 74-1.)

Since that time, the parties have attempted to settle the prison conditions portion of this litigation. That attempt having failed, Petitioners seek a ruling on their TRO application regarding the Second Claim for prison conditions. However, more than four months have passed since the expert's visit, and circumstances of the pandemic as well as knowledge of the coronavirus have changed considerably in that time. Petitioners believe that a supplemental site visit by the expert is essential to provide the Court with the information required to rule. Accordingly, we seek a quick return of the neutral expert (or another to be appointed if Dr. Rowe is unavailable). In order to narrow the scope of the expert's review, Petitioners suggest that each party provide a list of clear questions for the expert to answer.

Petitioners believe that an updated report by the neutral expert will narrow the issues for trial and allow for a significantly streamlined resolution.

Further, Petitioners intend to file another application for temporary restraining order or preliminary injunction regarding testing of the staff and residents at Terminal Island. Accordingly, we propose the following dates:

Briefing on surveillance testing TRO/preliminary injunction: filed January 11,

      opposition January 25, reply February 1.

      Return visit by Court expert: by January 15 (new Court expert to be appointed if current one cannot meet timelines)

      Supplemental report and recommendations by Court expert regarding current conditions: January 29

      Simultaneous filing of supplemental briefing regarding current conditions on the prison conditions TRO/preliminary injunction: February 12

      Exchange witness lists: February 15

      Fact discovery cutoff: March 1

      Expert disclosure: March 1

      Depositions of experts: by March 29

      Trial: week of April 19

***Respondents' proposal:***

Petitioners' request that the Court-appointed expert conduct another site visit in January 2021 is unrealistic given the short timeframe and the state of emergency in California. Respondents further submit that it would not be productive for a revisit in January for an April trial date as suggested by Petitioners since the only remaining issue is the current conditions of confinement at Terminal Island. Respondents, moreover, object to any attempt to have any other inspector being appointed as a neutral expert.

Rather, Respondents submit that Petitioners should file an amended complaint given the Court's ruling that it did not have jurisdiction over the habeas claim. *See* Dkt. 41. Petitioners had the opportunity to appeal the Court's habeas ruling, and in fact, did so, but then voluntarily dismissed the appeal. *See* Dkt. 62, 66, 83. The denial of Petitioners' habeas claim is therefore law of the case, and any amended complaint cannot have a claim for habeas relief.

Respondents propose that Petitioners file an amended complaint excluding any allegations pertaining to habeas relief and any claim for habeas relief.

Respondents would then have 14 days to respond to the amended complaint as provided for under Fed. R. Civ. P. 15(a)(3). Respondents submit that the parties can engage in discovery while the pleadings are being completed and the case is put at issue.

As to Petitioners' proposed TRO/preliminary injunction on "surveillance testing," Respondents will oppose any such motion because Petitioners did not raise the issue of surveillance testing in the operative complaint. Nor would piecemeal litigation of discrete issues like this one be an efficient use of the Court's time or result in the resolution of the case.

Respondents therefore propose the following dates:

Petitioners file amended complaint: January 11, 2021

Respondents respond to amended complaint: January 25, 2021

Fact discovery cutoff: March 1, 2021

Initial expert disclosure: March 1, 2021

Rebuttal expert disclosure: April 5, 2021

Expert discovery cutoff: April 26, 2021

Summary judgment hearing cutoff: June 7, 2021

Pretrial Conference: July 13, 2021

Bench Trial: July 27, 2021 (est. 2-4 days)

DATED: December 22, 2020    Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C.

By: */s/ Naeun Rim*
Naeun Rim
Attorneys for Plaintiff-Petitioners

DATED: December 22, 2020    Donald Specter
Sara Norman
Prison Law Office

By: */s/ Sara Norman*

4

|  |  |
|---|---|
|  | Sara Norman |
|  | Attorneys for Plaintiff-Petitioners |

Dated: December 22, 2020

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

*/s/ Chung H. Han*
CHUNG H. HAN*
Assistant United States Attorney
Attorneys for Respondents

\* Pursuant to Local Rule 5-4.3.4(2), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.