UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 20-4451-MWF (MRWx)                **Date:**  January 4, 2021
**Title:**       Lance Aaron Wilson, et al. v. Felicia L. Ponce, et al.

**Present:**   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                                Court Reporter:
Rita Sanchez                                 Not Reported

Attorneys Present for Plaintiff:             Attorneys Present for Defendant:
None Present                                 None Present

**Proceedings (In Chambers):**    ORDER GRANTING IN PART AND DENYING IN PART RESPONDENTS' MOTION TO DISMISS [55]

Before the Court is Defendants-Respondents Felicia L. Ponce, in her official capacity as Warden of Terminal Island (the "Warden"), and Michael Carvajal's, in his official capacity as Director of the Bureau of Prisons, Motion to Dismiss (the "Motion"), filed on June 29, 2020.  (Docket No. 55).  On July 7, 2020, Plaintiffs-Petitioners Lance Wilson, Maurice Smith, and Edgar Vasquez filed an Opposition.  (Docket No. 56).  On July 13, 2020, Respondents filed a Reply.  (Docket No. 57).

The Court has read and considered the papers filed in connection with the motions, including the Rowe Report, and held a telephonic hearing on September 16, 2020, pursuant to General Order 20-09 arising from the COVID-19 pandemic.  The parties and the Court further discussed the issue here at the recent status conference.  As then stated, the Court chose not to issue this Order because it did not seem helpful to the efforts of the parties to settle this action.

For the reasons set forth below, the Court makes the following rulings:

The Motion is **GRANTED** *in part*.  The Motion is **GRANTED** with respect to Petitioners' habeas claims.  The habeas claims do not encompass the relief requested.  (*See* June 10, 2020 Order at 18 (Docket No. 41)).  The Motion is **DENIED** with respect to Petitioners' Eighth Amendment condition-of-confinement claim.  Petitioners

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-4451-MWF (MRWx)       **Date:** January 4, 2021
**Title:** Lance Aaron Wilson, et al. v. Felicia L. Ponce, et al.

have alleged facts sufficient to support a finding of deliberate indifference on the part of Respondents.

## I.    BACKGROUND

The factual background of this case is set forth in the Court's June 10, 2020 Amended Order Denying Ex Parte Application for Temporary Restraining Order and Order to Show Cause Re Preliminary Injunction ("June 10, 2020 Order"). (Docket No. 41). The procedural background of this case is set forth in this Court's July 14, 2020 Order Re: Supplemental Memorandum in Support of Ex Parte Application for TRO ("July 14, 2020 Order"). (Docket No. 58). The Court incorporates by reference the factual and procedural background contained in those orders. Therefore, the Court provides the relevant facts only as necessary in the Court's discussion below.

Petitioners have asserted two claims in this action: a habeas claim under 28 U.S.C. § 2241, and another claim directly under the Eighth Amendment. (*See generally* Complaint).

In the June 10, 2020 Order, the Court denied Petitioners' application to seek immediate relief under the first habeas claim. (June 10, 2020 Order at 14).

On June 22, 2020, Petitioners filed a Supplemental Memorandum in Support of Ex Parte Application for Temporary Restraining Order ("Supplemental TRO Application" (Docket No. 49)), seeking the same relief sought in the Ex Parte Application for Temporary Restraining Order ("TRO"), (Docket No. 10), as well as an order requiring improved conditions through their second claim under the Eighth Amendment. (Supplemental TRO Application at 7). Specifically, Petitioners seek an order that Respondents improve conditions for all prisoners at Terminal Island in the form of social distancing, provision of sanitary products and Personal Protective Equipment ("PPE"), improved sanitary practices, adequate testing, contact tracing, and isolation measures. (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 20-4451-MWF (MRWx)        Date: January 4, 2021
Title:      Lance Aaron Wilson, et al. v. Felicia L. Ponce, et al.

## II. DISCUSSION

### A. Motion to Dismiss

Respondents move to dismiss Petitioners' habeas and condition-of-confinement claims on the basis that Petitioners have failed to (1) exhaust administrative remedies, (2) plead facts sufficient to support a finding of deliberate indifference, and (3) demonstrate that the Court has jurisdiction over the habeas claim.

As a preliminary matter, the Court notes that it has already determined that the habeas claims do not encompass the relief requested (*see* June 10, 2020 Order at 18), and that the PLRA exhaustion requirement is not a bar to Petitioners' condition of confinement claims (*see* July 14, 2020 Order at 14).

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). While factual allegations in the complaint "are taken as true" at the Rule 12 stage, "conclusory allegations of law and unwarranted inferences are insufficient." *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996) (citation omitted).

Prison officials have a constitutional obligation to protect the incarcerated from, and not be deliberately indifferent to, conditions of confinement that are "very likely to cause serious illness and needless suffering." *Helling v. McKinney*, 509 U.S. 25, 33 (1993) (impermissible for prison officials to be "deliberately indifferent to the exposure of inmates to a serious, communicable disease on the ground that the complaining inmate shows no serious current symptoms"). Where a prison fails to provide adequate care for prisoners, "the courts have a responsibility to remedy the resulting Eighth Amendment violation." *Brown v. Plata*, 563 U.S. 493, 511 (2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 20-4451-MWF (MRWx)**           **Date:  January 4, 2021**
**Title:     Lance Aaron Wilson, et al. v. Felicia L. Ponce, et al.**

Courts "may not allow constitutional violations to continue simply because a remedy would involve intrusion into the realm of prison administration." *Id.* "Courts faced with the sensitive task of remedying unconstitutional prison conditions must consider a range of available options." *Id.*

There are two factors courts must consider to determine whether a prison official's failure to protect prisoners from harm rises to the level of an Eighth Amendment violation.  The first factor is objective:  the conditions of confinement must have put prisoners at "substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1970).  The second is subjective:  the prison official must have acted with "deliberate indifference" to inmate health or safety.  *Id.*  Under a deliberate indifference analysis, courts inquire whether "the [prison official] ***knows of and disregards an excessive risk*** to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (citing *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1187 (9th Cir. 2002)) (emphasis added).

Courts have routinely found that exposure to disease constitutes a serious harm. *See*, *e.g.*, *Helling*, 509 U.S. at 33 (explaining that the reach of the Eighth Amendment includes "exposure of inmates to a serious, communicable disease"); *Jeffries v. Block*, 940 F. Supp. 1509, 1514 (C.D. Cal. 1996) (agreeing that "tuberculosis is a serious contagious disease, which presents a serious risk to inmate health"); *Jolly v. Coughlin*, 76 F.3d 468, 477 (2d Cir. 1996) ("[C]orrectional officials have an affirmative obligation to protect inmates from infectious disease.").

The following factual allegations are taken from the Complaint, which the Court accepts as true and construes in the light most favorable to Petitioners.  *See*, *e.g.*, *Schueneman v. Arena Pharm., Inc.*, 840 F.3d 698, 704 (9th Cir. 2016) (restating generally-accepted principle that "[o]rdinarily, when we review a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), we accept a plaintiff's allegations as true 'and construe them in the light most favorable' to the plaintiff" (quoting *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009))).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 20-4451-MWF (MRWx)        **Date:**  January 4, 2021
**Title:**    Lance Aaron Wilson, et al. v. Felicia L. Ponce, et al.

Petitioners assert that Terminal Island's communal living spaces in addition to its overcrowding make social distancing difficult, if not impossible, without a significant reduction in the prison population. (Complaint ¶ 55). Although Terminal Island has set up temporary living spaces, such as field tents and a converted warehouse, Petitioners assert that these temporary spaces are even more crowded and unsanitary. (*Id.* ¶ 56). Petitioners contend that the poor sanitary conditions in the warehouse have simply resulted in trading one hot zone of infection for another. (*Id.* ¶ 57).

Despite Terminal Island's promise to distribute new masks once a week, one petitioner asserts that he has received one mask closer to once every two weeks. (Complaint ¶ 58). Furthermore, Petitioners assert that officials have failed to provide hand sanitizer containing alcohol, hand soap, disinfectants for commonly touched surfaces, and clean clothes, which are measures recommended by the CDC as effective in preventing the spread of COVID-19. (*Id.* ¶ 59).

Although Petitioners acknowledge that the entire prison population has been tested, they assert that Terminal Island began to test its entire prisoner population only after a large portion of the prisoners had already been confirmed as infected. (Complaint ¶ 61). Further, they assert that aside from that one-time test of the entire population, Terminal Island is not regularly testing prisoners who may have been exposed to infected persons and it is not testing "recovered" COVID-19 patients before categorizing them as such and returning them to the general population. (*Id.*).

Petitioners assert that Terminal Island has failed to adequately trace and isolate prisoners. (Complaint ¶ 62). While prisoners who are determined to have contracted the disease are removed from the unit, they assert that no other measures are taken to assess whether others that the prisoner has been in close contact with have also contracted COVID-19. (*Id.*). Petitioners further assert that there are not enough beds at the hospital for prisoners who have tested positive for COVID-19 or are suspected of having COVID-19. (*Id.* ¶ 63). Therefore, Petitioners claim that symptomatic prisoners have been commingled with prisoners seeking medical treatment for unrelated

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-4451-MWF (MRWx)          **Date:** January 4, 2021
**Title:** Lance Aaron Wilson, et al. v. Felicia L. Ponce, et al.

problems in the prison's short-stay hospital units. (*Id.*). They also assert that symptomatic prisoners who had not yet received test results have been returned to the general population to make room for someone sicker. (*Id.*).

Petitioners assert that throughout the entirety of the COVID outbreak at Terminal Island, prisoners rarely have been afforded access to healthcare personnel or medical treatment. (Complaint ¶ 66). They assert that the officials only provide a response if the prisoner's condition deteriorates to the point that emergency hospitalization is required. (*Id.* ¶ 67). If the condition is not as dire and the fever has not reached 101 degrees, Petitioners assert that the correctional officers simply tell the prisoners to "hang in there," no matter how serious the symptoms. (*Id*. ¶ 66).

In the face of a global pandemic that has already killed nine prisoners and infected nearly 67% of the population at Terminal Island, (*See* June 10, 2020 Order at 3), the allegations in the Complaint relating to the lack of social distancing, PPE, cleaning supplies, testing, contact tracing, and healthcare demonstrate that Respondents disregarded an excessive risk to inmate health and safety. (Complaint ¶¶ 55-67). Accordingly, the Court determines that Petitioners' Complaint alleges facts sufficient to support a finding of deliberate indifference with respect to the above-mentioned categories. *See Toguchi*, 391 F.3d at 1058 ("Under a deliberate indifference analysis, we inquire whether the [prison official] knows of and disregards an excessive risk to inmate health and safety.") (citations and internal quotations omitted).

Accordingly, the Motion is **DENIED** with respect to Petitioners' Eighth Amendment condition-of-confinement claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-4451-MWF (MRWx)     **Date:** January 4, 2021
**Title:** Lance Aaron Wilson, et al. v. Felicia L. Ponce, et al.

## III. CONCLUSION

The Motion is **GRANTED** *in part*. The Motion is **GRANTED** with respect to Petitioners' habeas claims. The Motion is **DENIED** with respect to Petitioners' Eighth Amendment condition-of-confinement claim.

The Court will address the scheduling of the action at the next status conference.

IT IS SO ORDERED.