TRACY L. WILKISON
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
KEITH M. STAUB (Cal. Bar No. 137909)
CHUNG H. HAN (Cal. Bar No. 191757)
DANIEL A. BECK (Cal. Bar No. 204496)
JASMIN YANG (Cal. Bar No. 255254)
PAUL B. GREEN (Cal. Bar No. 300847)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-7423
    Facsimile: (213) 894-7819
    E-mail: Keith.Staub@usdoj.gov
          Chung.Han@usdoj.gov
          Daniel.Beck@usdoj.gov
          Jasmin.Yang@usdoj.gov
          Paul.Green@usdoj.gov

Attorneys for Respondents
Felicia L. Ponce and Michael Carvajal

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LANCE AARON WILSON, *et al.*,<br><br>    Plaintiff-Petitioners,<br><br>v.<br><br>FELICIA L. PONCE, *et al.*,<br><br>    Defendant-Respondents. | No. CV 20-4451-MWF-PVC<br><br>**RESPONDENTS' OPPOSITION TO PETITIONERS'** ***EX PARTE*** **APPLICATION TO SHORTEN TIME RE: MOTION FOR PRELIMINARY INJUNCTION ON TESTING [ECF NO. 93]; DECLARATION OF PAUL B. GREEN**<br><br>[Proposed order filed concurrently]<br><br>Honorable Michael W. Fitzgerald<br>United States District Judge |

1

## I. INTRODUCTION

On December 22, 2020, Petitioners proposed to the Court that they file a Motion for Preliminary Injunction—the same one filed on January 11, 2021 (ECF No. 92) ("PI Motion")—and that Respondents have until January 25 to oppose the PI Motion. Petitioners now seek to shorten the time for Respondents to oppose the PI Motion from January 25 to January 19. *See* ECF No. 93 (*Ex Parte* Application). Petitioners have not offered a plausible basis to shorten Respondents' opposition deadline to five court days. The PI Motion requests, on an emergency basis, for the Court to resolve "surveillance testing," an issue which has not been previously briefed, and relies on an expert declaration that was disclosed to Respondents only yesterday. Defense counsel and the BOP respectfully request until January 25, 2021, the originally proposed opposition date, to prepare a meaningful response to the PI Motion and the accompanying expert declaration, and to potentially submit a rebuttal declaration. As such, Petitioners' *Ex Parte* Application should be denied.

## II. ARGUMENT

### A. *Ex Parte* Relief Is Not Warranted.

As an initial matter, Petitioners cannot meet the requirements for obtaining *ex parte* relief under *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995). Through the *Ex Parte* Application, Petitioners seek to amend the briefing schedule that they previously submitted to the Court and to Respondents (ECF No. 90) and to shorten Respondents' time to oppose the PI Motion from nine to five court days. Petitioners' demand represents an inappropriate use of the *ex parte* process for several reasons.

First, Petitioners are not "without fault in creating the crisis that requires *ex parte* relief." *Mission Power*, 883 F. Supp. at 492. In the parties' Joint Scheduling Request, Petitioners requested that the Court set a briefing schedule with Respondents' opposition due on January 25, 2021. ECF No. 90. On January 11, 2021, twenty days after the

1  Scheduling Request was filed and on the same day Petitioners filed the PI Motion,
2  Petitioners' counsel contacted Respondents' counsel by email, raising for the first time a
3  request to shorten Respondents' time to oppose and stating Petitioners' intention to seek
4  *ex parte* relief. *See* ECF No. 93 at Ex. A (January 11, 2011 emails from Jimmy Threatt).
5  In making the request, Petitioners did not disclose the expert declaration that they had
6  obtained and would rely on in seeking injunctive relief. *See id.*

7  Petitioners could have attempted to meet and confer on the briefing schedule
8  between December 22, 2020 and January 11, 2021, but they did not. Petitioners could
9  have filed their PI Motion before January 11, but they did not. Consequently, Petitioners
10 are entirely at fault for the presentation of a scheduling issue through an *ex parte* issue.
11 *See Ubiquity Press Inc. v. Baran*, No. 8:20-cv-01809-JLS-DFM, 2020 U.S. Dist. LEXIS
12 233425, at *6 (C.D. Cal. Dec. 10, 2020) ("The Court expected to find a detailed
13 explanation as to why Plaintiffs delayed filing their application until a regularly-noticed
14 motion was not an option . . . Any emergency here is entirely of Plaintiffs' own making,
15 and this lack of diligence is a sufficient and independent basis to deny the Application.").

16 Further, Petitioners have not shown how they would be irreparably prejudiced if
17 Respondents' Opposition is filed on January 25, rather than January 19. Petitioners argue
18 that the shortened time period is justified for two reasons: (1) the "ongoing surge in
19 COVID-19 cases in Los Angeles County," and (2) "Respondents inadequate testing
20 program." ECF No. 93. While it is certainly regrettable that case numbers in the County
21 have increased, this increase started around the Thanksgiving holiday. Indeed, on
22 December 3, 2020, faced with an "unprecedented rise in the rate of increase in COVID-
23 19 cases, hospitalizations, and test positivity rates across California," the California
24 Department of Public Health issued a new stay-at-home order.[1] Even with the rising
25 cases in Los Angeles County, there is no relation to the number of COVID-19 cases at

---

[1] 12/3/2020 Regional Stay at Home Order, available at:
https://www.gov.ca.gov/wp-content/uploads/2020/12/12.3.20-Stay-at-Home-Order-ICU-Scenario.pdf

3

FCI Terminal Island. Petitioners have presented no evidence that the rising case numbers in the public at large have increased the risk of inmates of contracting COVID-19. Nor have Petitioners provided any explanation as to why they did not seek relief earlier based on the rising number of COVID-19 cases in the public at large.

Petitioners also argue that a shortened time period is justified because of Petitioners' concerns about BOP's surveillance testing program at Terminal Island. In other words, Petitioners ask the Court to assume that their positions in the underlying PI Motion are correct, and on that basis, shorten Respondents' time for responding to the same Motion. This assumption is no basis to grant *ex parte* relief. Respondents will demonstrate in their Opposition to the PI Motion that BOP has implemented a comprehensive and effective testing program at Terminal Island. Indeed, the evidence Petitioners have already submitted shows this. Exhibit A to the Threatt Declaration (ECF No. 92-1) is a module on Screening and Texting from the BOP's COVID-19 Pandemic Response Plan. As the module shows, it is Version 3.0 of a module on screening and testing that has been in place since December 16, 2020.[2]

For these reasons, the *Ex Parte* Application should be denied.

**B.     Respondents Require More Than Five Court Days To Oppose The Motion For Preliminary Injunction.**

The *Ex Parte* Application should also be denied because Respondents require more than five days to sufficiently prepare a response to the PI Motion. Petitioners did not meet and confer on the specific factual, legal, or scientific basis of their motion until January 11, the day it was filed. *See* ECF No. 93 at Ex. A. The PI Motion relies heavily on an expert declaration that Petitioners provided to Respondents for the first time on January 11, 2021. *See* Declaration of Scott Allen, M.D., signed January 11, 2021 (ECF No. 92-2); *see also* attached Declaration of Paul B. Green, ¶ 2. The PI Motion and the

---

[2] BOP's Pandemic Response Plan, including all of 11 modules, is available to the public on the BOP's FOIA website: https://www.bop.gov/foia/index.jsp#tabs-1 (under Record by Category, select COVID).

expert declaration opine on the current use of surveillance testing at Terminal and what modifications Petitioners believe should be made to the BOP's established and comprehensive testing protocol at Terminal Island. In order to allow Respondents to prepare a thorough response, Respondents request until January 25, 2021, the opposition date originally proposed by Petitioners to review the Motion and declaration, consult with the BOP, investigate and collect information regarding recent testing done at the institution, and consult with an expert to potentially submit a rebuttal expert report. Green Decl. ¶ 3; *see Mission Power*, 883 F. Supp. at 490 (stating that *ex parte* requests like the one made by Petitioners "pose a threat to the administration of justice" because "[t]hough the adversary does have a chance to be heard, the parties' opportunities to prepare are grossly unbalanced").

Respondents also require more than five days to respond to the PI Motion to accommodate the schedules of their expert, the BOP, and defense counsel. Green Decl. ¶ 4. Respondents' expert is an infection prevention specialist employed at a hospital in New York City, and is consulting as an expert in addition to her day job responding to the COVID-19 pandemic in New York City. *Id*., ¶ 5. The BOP is occupied with the day-to-day work of ensuring the safety of the inmates of FCI Terminal Island and will not be available to assist on January 18, a federal holiday. *Id*., ¶ 6. Respondents' counsel have several other deadlines in this and the Lompoc action (in addition to their responsibilities in other cases). *Id*., ¶ 7. On January 12, 2021, Respondents opposed a motion to intervene before Judge Marshall in the Lompoc matter; Respondents' answer in this case is due on January 19, 2021; and on January 21, 2021, the parties will appear before Magistrate Judge Castillo for a hearing on several substantive issues in the Lompoc case. *Id*.

Thus, Petitioners' last-minute demand that Respondents file their opposition to the PI Motion in five court days is contrary to their initial proposed schedule, is unwarranted, and should be denied.

## III. CONCLUSION

For the foregoing reasons, Respondents respectfully request that the Court deny Petitioners' *Ex Parte* Application, set January 25, 2021 as the deadline for Respondents to file an opposition to the PI Motion, and set a hearing date on the PI Motion for a date that is convenient with the Court.

Dated: January 12, 2021              Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

*/s/ Paul B. Green*
KEITH M. STAUB
CHUNG H. HAN
DANIEL A. BECK
JASMIN YANG
PAUL B. GREEN
Assistant United States Attorneys

Attorneys for Defendant-Respondents
Felicia L. Ponce and Michael Carvajal

**DECLARATION OF PAUL B. GREEN**

I, Paul B. Green, do hereby declare and state as follows:

1. I am an Assistant United States Attorney in the Civil Division of the United States Attorney's Office for the Central District of California. I am one of the counsel assigned to defend the above-captioned matter. I have personal knowledge of the following facts, and if called upon, I would truthfully testify as set forth below

2. Petitioners provided a copy of the January 11, 2021 Declaration of Scott Allen, M.D. to Respondents for the first time on January 11, 2021.

3. In order to allow Respondents to prepare a thorough response, Respondents request until January 25, 2021, the opposition date originally proposed by Petitioners to review the Motion for Preliminary Injunction and declaration, consult with the Bureau of Prisons ("BOP"), investigate and collect information regarding recent testing done at FCI Terminal Island, and consult with an expert to potentially submit a rebuttal expert report.

4. Respondents also require more than five days to respond to the Motion for Preliminary Injury to accommodate the schedules of their expert, BOP, and defense counsel.

5. Respondents' expert is an infection prevention specialist employed at a hospital in New York City, and is consulting as an expert in addition to her day job of responding to the COVID-19 pandemic in New York City.

6. The BOP is occupied with the day-to-day work of ensuring the safety of the inmates of FCI Terminal Island and will not be available to assist on January 18, 2021, a federal holiday.

7. Respondents' counsel have several other deadlines in this and the Lompoc action (in addition to their responsibilities in other cases). On January 12, 2021, Respondents opposed a motion to intervene before Judge Marshall in the Lompoc matter; Respondents' answer in this case is due on January 19, 2021; and on January 21,

7

2021, the parties will appear before Magistrate Judge Castillo for a hearing on several substantive issues in the Lompoc case. *Torres v. Milusnic*, 2:20-cv-04450-CBM-PVC (C.D. Cal.).

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed January 12, 2021, at Irvine, California.

                                      */s/ Paul B. Green*
                                      PAUL B. GREEN