UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-4451-MWF (MRWx)        **Date:** February 25, 2021
**Title:** Lance Aaron Wilson, et al. v. Felicia L. Ponce, et al.

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                                Court Reporter:
Rita Sanchez                                  Not Reported

Attorneys Present for Plaintiff:          Attorneys Present for Defendant:
None Present                                None Present

**Proceedings (In Chambers):**        ORDER RE: MOTION FOR PRELIMINARY INJUNCTION ON TESTING [92]

Before the Court is Plaintiff-Petitioners Lance Wilson, Maurice Smith, and Edgar Vasquez's Motion for Preliminary Injunction on Testing (the "Motion"), filed on January 11, 2021. (Docket No. 92). Defendants-Respondents Felicia L. Ponce, in her official capacity as Warden of Terminal Island (the "Warden"), and Michael Carvajal, in his official capacity as Director of the Bureau of Prisons, filed an opposition on January 25, 2021. (Docket No. 101). Petitioners filed a reply on February 1, 2021. (Docket No. 103).

The Court has read and considered the papers filed in connection with the Motion and held a telephonic hearing on February 8, 2021, pursuant to General Order 20-09 arising from the COVID-19 pandemic.

For the reasons set forth below, the Motion is **DENIED**. The Motion addresses whether the current testing system at Terminal Island is consistent with the Eighth Amendment. Applying the Ninth Circuit version of the *Winter* test, Petitioners have not established that they are likely to suffer irreparable harm in the absence of injunctive relief. Addressing the merits of the constitutional claim, the choice between the systems of "contact tracing" and "surveillance testing" falls within the discretion of the Bureau of Prisons. While the Court agrees with Petitioners that their proposed system seems preferable, the Court's preference is not a basis to impose an injunction on the Bureau of Prisons.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 20-4451-MWF (MRWx)         Date: February 25, 2021
Title:     Lance Aaron Wilson, et al. v. Felicia L. Ponce, et al.

## I. BACKGROUND

The factual background of this case is set forth in the Court's June 10, 2020 Amended Order Denying Ex Parte Application for Temporary Restraining Order and Order to Show Cause Re Preliminary Injunction ("June 10, 2020 Order"). (Docket No. 41). The procedural background of this case is set forth in this Court's July 14, 2020 Order Re: Supplemental Memorandum in Support of Ex Parte Application for TRO ("July 14, 2020 Order"). (Docket No. 58). The Court incorporates by reference the factual and procedural background contained in those orders. Therefore, the Court provides additional facts only as necessary in the Court's discussion below.

On January 4, 2021, the Court issued an order granting in part and denying in part Respondents' motion to dismiss (the "January 4, 2021 Order"). (Docket No. 91). Specifically, the Court granted the motion to dismiss with respect to Petitioners' habeas claims on the basis that they did not encompass the relief requested. (*Id.* at 1). The Court denied the motion to dismiss with respect to Petitioners' Eighth Amendment condition-of-confinement claim because Petitioners alleged sufficient facts to support a finding of deliberate indifference on the part of Respondents.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 65 governs the issuance of temporary restraining orders and preliminary injunctions, and courts apply the same standards to both. *Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A plaintiff seeking injunctive relief must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in his favor; and (4) an injunction is in the public interest. *Toyo Tire Holdings of Ams. Inc. v. Cont'l Tire N. Am., Inc.*, 609 F.3d 975, 982 (9th Cir. 2010) (citing *Winter v. Nat. Res. Def. Council*, 555 U.S. 7 (2008)).

Where the government is a party to a case in which a preliminary injunction is sought, the balance of the equities and public interest factors merge. *Drakes Bay*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 20-4451-MWF (MRWx) | **Date:** February 25, 2021 |
| **Title:** Lance Aaron Wilson, et al. v. Felicia L. Ponce, et al. | |

*Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014). Further, "where the balance of hardships . . . tips sharply towards the plaintiff, a plaintiff need only show serious questions going to the merits, rather than likelihood of success on the merits, to warrant preliminary injunctive relief." *Roman v. Wolf*, 977 F.3d 935, 940 (9th Cir. 2020) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation marks omitted). Injunctions that alter the status quo are not granted unless "extreme or very serious damage will result and are not issued in doubtful cases." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (quotation marks omitted).

## III.   DISCUSSION

Respondents contend that Petitioners fail to demonstrate serious questions going to the merits or a likelihood of irreparable harm in the absence of injunctive relief because Respondents' testing strategy is sufficient to prevent another outbreak of COVID-19.  (Opposition at 13-20).

### A.   Serious Questions Going to the Merits

The Eighth Amendment protects those in detention against conditions of confinement that are "very likely to cause serious illness and needless suffering." *Helling v. McKinney*, 509 U.S. 25, 33 (1993). Prison officials violate a prisoner's Eighth Amendment right to humane conditions of confinement when two conditions are met. First, under the "objective" component of the analysis, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Second, under the "subjective" component, prison officials must have acted with a "sufficiently culpable state of mind," namely, "'deliberate indifference' to inmate health or safety." *Id.* at 834. To establish the subjective prong, Petitioners must show that Respondents knew of and disregarded an excessive risk to inmate health or safety. *Id.* at 837.

Respondents contend that Petitioners cannot establish serious questions going to the merits because Respondents' testing system does not (1) subject Petitioners to an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-4451-MWF (MRWx)          **Date:** February 25, 2021
**Title:** Lance Aaron Wilson, et al. v. Felicia L. Ponce, et al.

unreasonable risk of harm or (2) reflect deliberate indifference on the part of Respondents. (Opposition at 13-14).

Respondents assert that nearly half the staff at Terminal Island and 18% of the inmates have already been vaccinated. (Declaration of Victoria Morrison ("Morrison Decl.") ¶ 20 (Docket No. 101-1)). With respect to testing, Respondents make the following assertions:

- BOP provides free testing to staff in the form of self-swab collection kits. (*Id.* ¶ 6).

- During the initial outbreak of the COVID-19 pandemic at Terminal Island in April 2020, every inmate at the facility was tested for COVID-19. (*Id.* ¶ 18).

- After the results of the initial round of tests were received from the Los Angeles County Department of Public Health ("LACDPH"), inmates testing negative were separated from those who tested positive. (*Id.*). The BOP re-tested the negative inmates repeatedly through May of 2020, until, in consultation with the LACDPH, it was determined that these regular re-tests were no longer necessary. (*Id.*).

- Since the mass testing in April and May 2020, inmate testing at Terminal Island has been conducted in accordance with the BOP's COVID-19 Pandemic Response Plan (the "Plan"). (*Id.* ¶ 9, Ex. 2). The Plan requires that symptomatic inmates be tested and requires that asymptomatic inmates with known or suspected contact with a COVID-19 case must be tested expeditiously. (*Id.*).

- Terminal Island has conducted 1,661 inmate COVID-19 tests on its general population since September 21, 2020. (*Id.* ¶ 11). After conducting 1,661 tests, there have been a total of twenty-one positive inmate tests in the last four months, with seven of those consisting of inmates who had been

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 20-4451-MWF (MRWx) | Date:  February 25, 2021 |
| Title:     Lance Aaron Wilson, et al. v. Felicia L. Ponce, et al. | |

negative, but converted to positive, and fourteen of those consisting of inmates who had previously tested positive for COVID-19, but had recovered.  (*Id.*, Ex. 3).

- Currently, Terminal Island has zero confirmed inmate cases of COVID-19. (Opposition at 7 n.7).

- Terminal Island has prioritized testing inmates who have not previously tested positive for COVID-19.  (Morrison Decl. ¶ 12).  Terminal Island has tested 152 inmates three times each in September and October and has tested 155 inmates twice each in November and December.  (*Id.*).

- Terminal Island tests all incoming and outgoing inmates.  (*Id.* ¶ 15, Ex. 4). Terminal Island has conducted 488 tests of inmates since June 19, 2020, as part of either pre-release or intake procedures.  (*Id.*).  All fifty inmate intakes over the last seven months were tested upon arrival, quarantined if negative, and re-tested on or after the fourteenth day of their quarantine period.  (*Id.*).

Respondents' expert, Asma Tekbali, is an epidemiologist who works as an infection preventionist at Lenox Hill Hospital in New York.  (Tekbali Decl. ¶ 1, Ex. A).  Tekbali notes that "FCI Terminal Island is properly adhering to CDC testing guidance and the BOP's testing guidance has been effective at preventing transmission of COVID-19 at the facility."  (*Id.* ¶ 13).

The current testing system at Terminal Island, as described by Respondents, is essentially a robust system of contact tracing.  (*Id.* ¶¶ 9-12).  The only testing described by Respondents that goes beyond contact tracing is the testing of incoming and outgoing inmates.  (*Id.* ¶ 15).  Nonetheless, Tekbali opines that Respondents' current testing strategy is adequate for stopping the spread of COVID-19 within Terminal Island because the prison "adheres to protocols followed by healthcare facilities in terms of testing, isolation, and [providing] a robust contact tracing program."  (*Id.* ¶ 6).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 20-4451-MWF (MRWx)        Date: February 25, 2021
Title:     Lance Aaron Wilson, et al. v. Felicia L. Ponce, et al.

      In general, Petitioners do not challenge Respondents' assertions about the current testing strategy or the number of vaccinations administered at Terminal Island. Instead, Petitioners argue that Respondents' testing strategy is inadequate because it is limited to contact tracing. (Motion at 12).

      Petitioners' expert, Scott Allen, M.D., is a Professor Emeritus of Medicine and former Chair of the Department of Internal Medicine at the University of California Riverside School of Medicine. (Allen Decl. ¶ 1). Dr. Allen explains that contact tracing failed to stop the spread of COVID-19 at the beginning of the pandemic because contact tracing cannot detect the "silent spread" of COVID-19 from asymptomatic individuals who have the virus to others who do not. (*Id.* ¶ 13). According to Dr. Allen, the failure to test asymptomatic individuals "gives rise to [a] high risk of harm to incarcerated people and staff by allowing the silent spread of the virus throughout the facility." (*Id.* ¶ 36).

      Petitioners propose that Respondents adopt a system of surveillance testing, *i.e.*, systematic testing of asymptomatic individuals. (Motion at 14). Petitioners argue that by (1) testing 25% of the approximately 150 COVID-naïve inmates on a weekly basis, and (2) making tests available to all staff members once a month on site, Respondents will be alerted to any outbreaks at their inception, instead of days or weeks later, at which point the virus will "have spread like wildfire throughout the institution." (*Id.*). Dr. Allen opines that, without surveillance testing, the strategy of contact tracing, isolation, and cohorting will likely fail to contain the spread of the virus. (*Id.* ¶ 34).

      Tekabli agrees with Dr. Allen that early detection in prisons is critical for inmate safety but maintains that "there is no indication that the facility's current testing plan has failed to maintain the safety of inmates and staff since testing capacity has increased." (Tekbali Decl. ¶ 7). Tekbali opines that "there may be little utility in surveillance testing" given the number of vaccinated staff members at Terminal Island, and emphasizes that her own hospital does not implement surveillance testing of staff. (*Id.* at 7). Tekbali endorses the BOP's current strategy of providing self-swab kits for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-4451-MWF (MRWx)  Date:  February 25, 2021
Title:    Lance Aaron Wilson, et al. v. Felicia L. Ponce, et al.

staff and notes that institution-wide surveillance testing may not be very effective due to low participation rates. (*Id.* ¶ 10).

Having carefully reviewed the evidence, the Court determines that the parties' disagreement with respect to testing amounts to a difference of medical opinion — and that both opinions are reasonable. Under Ninth Circuit precedent, "a mere difference of medical opinion is insufficient, as a matter of law, to establish deliberate indifference." *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (internal quotation marks and citation omitted). Although Respondents rely on contact tracing, Respondents have demonstrated their testing system is comprehensive and meticulous. (Morrison Decl. ¶¶ 6-20). Because Respondents' decision to utilize a system of contact tracing without surveillance testing is at least reasonable, Petitioners have failed to raise serious questions going to the merits of the Eighth Amendment claim. *Farmer*, 511 U.S. at 845 ("[P]rison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause.").

As a final matter, the Court notes that the requested relief may encroach on the BOP's authority to run the prison's daily operations. Requiring Respondents to adopt a system of surveillance testing likely "wades into facility administration at a granular level beyond what is required to remedy the constitutional violation identified." *Roman*, 977 F.3d at 946. These types of considerations are better left to the "professional expertise of corrections officials." *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 540 n.23 (1979))."

Accordingly, the Motion is **DENIED** on the basis that Petitioners have failed to establish serious questions going to the merits. As stated, the Court believes that the Petitioners have made excellent arguments about why their desired system of testing would be preferable to what BOP does now. That difference of opinion, by itself, is not a basis for equitable relief in the absence of an established threat to the inmates and staff.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-4451-MWF (MRWx)          **Date:** February 25, 2021
**Title:** Lance Aaron Wilson, et al. v. Felicia L. Ponce, et al.

### B. Likelihood of Irreparable Harm

Although the Court denies the Motion for failure to establish serious questions going to the merits, the Court chooses to address the second *Winter* factor, the likelihood of irreparable harm. *See Winter*, 555 U.S. at 20.

Respondents contend that Petitioners cannot show a likelihood of irreparable harm because Petitioners offer no concrete proof that Terminal Island's testing procedures are inadequate. (Opposition at 19).

Having carefully reviewed the evidence and the declarations from both parties' experts, the Court is persuaded by Petitioners that performing surveillance testing on the small population of COVID-naïve inmates would significantly improve the testing system at Terminal Island and lower the risk that COVID-19 enters the prison. The Court is also persuaded that providing on-site surveillance testing for the staff at Terminal Island would be more effective than the self-swab collection kits that are currently provided to staff as part of the contact tracing system. (Reply at 4).

However, at this juncture, the Court must determine whether Petitioners are "likely to suffer irreparable harm" under Terminal Island's current system. *Winter*, 555 U.S. at 20. In other words, whether the current system at Terminal Island is "good enough" to protect the health and safety of the inmates.

*Dawson v. Asher*, No. C20-0409-JLR-MAT, 2020 WL 6810978 at *9 (W.D. Wash. Aug. 17, 2020) is instructive. In *Dawson*, immigration detainees brought a Fifth Amendment reasonable safety claim based on the conditions of their confinement during the COVID-19 pandemic. 2020 WL 6810978 at *9. The court granted defendants' motion to dismiss after considering the robust testing the detention facility had undertaken:

> Considering the results of the comprehensive testing in late May and early June 2020 and Respondents' continued testing, Respondents' sustained success in identifying and isolating COVID-19 in newly-arrived detainees

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 20-4451-MWF (MRWx) | **Date:** February 25, 2021 |
| **Title:** Lance Aaron Wilson, et al. v. Felicia L. Ponce, et al. | |

> and preventing its spread to the general population, and the substantial measures Respondents have implemented to prevent and contain the virus' spread, ***the court cannot reasonably find that an outbreak of COVID-19 at the [NWIPC] is likely to occur***. *Castaneda Juarez v. Asher*, 2020 WL 3163208 at *7 (W.D. Wash. June 12, 2020). Given this record, the Court cannot conclude that the current conditions at the NWIPC place Petitioners at risk of substantial harm or that Respondents' efforts fail to reasonably abate the risk of infection for vulnerable detainees.

*Id.* (emphasis added).

Although *Dawson* involved dismissal of an action brought under the Fifth Amendment, the Court agrees with the *Dawson* court's analysis with respect to whether an outbreak of COVID-19 is likely to occur. Like the detention facility in *Dawson*, Terminal Island has implemented a robust system of testing, including the testing of all incoming inmates. (*Id.* at *9). Terminal Island's testing appears to be even more advanced than the system in *Dawson*, because Terminal Island utilizes contact tracing. (Morrison Decl. ¶¶ 9-12). Furthermore, there are likely fewer incoming inmates at Terminal Island than at the detention center in *Dawson*, given that Terminal Island is a prison where inmates are serving longer sentences and the population is much more static than at a detention center. (*Id.* ¶ 17) ("Unlike a jail or detention center, which are intended for short sentences and temporary confinement, FCI Terminal Island is a prison where inmates are serving longer sentences and the population is much more static and stable with fewer intakes and transfers . . . .").

Given that the facts of *Dawson* are analogous to the facts of this action, the Court finds the *Dawson* court's reasoning to be persuasive with respect to ruling on Petitioners' Motion.

In contrast, the facts of this case are distinguishable from the facts in *Roman*, in which the Ninth Circuit recently upheld a district court's decision to grant a preliminary injunction against a detention facility. 977 F.3d 942. In *Roman*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-4451-MWF (MRWx)          **Date:** February 25, 2021
**Title:**    Lance Aaron Wilson, et al. v. Felicia L. Ponce, et al.

immigration detainees filed a class action seeking declaratory, injunctive, and habeas relief based on the detention center's alleged failure to implement necessary protective measures during the pandemic. (*Id.* at 938-939). The detention facility in *Roman* allegedly failed to implement adequate social distancing and sanitation practices and failed to provide masks and soap. (*Id.* at 939). For example, the district court accepted the following allegations as true:

> [N]ewly arrived detainees were either mixed with the general population or housed with other new detainees who had arrived at different times, both of which undermined the ostensible 14-day quarantine period for new arrivals; staff were not required to wear gloves and masks; there was a lack of necessary cleaning supplies, which led some detainees to clean their toilets with shampoo or to clean common areas using only a dirty towel and bucket of dirty water; given the inadequate supplies, the cleaning of communal spaces was "haphazard, at best"; there were only three functioning showers for 118 women; there was inadequate access to hand sanitizer because dispensers were often empty and detainees had to wait for days to receive hand soap; and detainees were forced to sleep within six feet of each other due to the positions of their beds.

(*Id.* at 942-943).

The district court granted the plaintiffs' request for a preliminary injunction, reasoning that the above allegations were sufficient to demonstrate, among other things, that the plaintiffs were likely to suffer irreparable harm in the absence of an injunction. (*Id.* at 944).

During the appeal to the Ninth Circuit, the parties submitted a report revealing that there were 58 confirmed COVID-19 cases among detainees and eight among staff members. (*Id.* at 940). Only half of the 774 detainees had been tested, and more than half of the detainees tested that had received positive results. (*Id.*). The Ninth Circuit

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-4451-MWF (MRWx)          **Date:** February 25, 2021
**Title:**     Lance Aaron Wilson, et al. v. Felicia L. Ponce, et al.

held that granting the preliminary injunction was not an abuse of discretion under these circumstances. (*Id.* at 942).

Unlike in *Roman*, where the plaintiffs sought to remedy the detention facility's failure to implement basic protective measures, here, Petitioners seek to add surveillance testing to Terminal Island's contact tracing strategy. Given that there are essentially no confirmed cases of COVID-19 at Terminal Island, and that the only issue raised by Petitioners in this Motion relates to upgrading an already advanced system of contact tracing, the shocking facts of *Roman* are not analogous here.

The same can be said about *Fraihat v. U.S. Immigration and Customs Enforcement*, cited by Petitioners in support of the Motion. 445 F. Supp. 3d 709, 749 (C.D. Cal. 2020). *Fraihat* is easily distinguishable on the basis that the detention center in *Fraihat* had essentially zero testing measures in place and only minimal compliance with other CDC guidelines. *Id.* at 727-29.

Guided by *Dawson* and the evidence presented by the parties, the Court cannot conclude that the current testing regime at Terminal Island makes it likely that another COVID-19 outbreak will occur at the facility. The evidence presented by Petitioners establishes that another COVID-19 outbreak at Terminal Island is ***possible***. However, Petitioners fall short of establishing that another outbreak is ***likely***. The mere possibility of irreparable harm is insufficient to satisfy the requirements for injunctive relief. *Winter*, 555 U.S. at 22 ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.").

Accordingly, the Motion is **DENIED** on the grounds that Petitioners have failed to show a likelihood of irreparable harm.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-4451-MWF (MRWx)          **Date:** February 25, 2021
**Title:** Lance Aaron Wilson, et al. v. Felicia L. Ponce, et al.

Because the Court determines that Petitioners have not established serious questions going to the merits or a likelihood of irreparable harm, the Court declines to consider Respondents' remaining arguments.

**IV. CONCLUSION**

The Motion is **DENIED**. Petitioners have failed to establish serious questions going to the merits of their Eighth Amendment claim or that they are likely to suffer irreparable harm in the absence of injunctive relief.

IT IS SO ORDERED.