UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 20-4451-MWF (MRWx) | Date: | April 29, 2021 |
| Title: | Lance Aaron Wilson, et al. v. Felicia L. Ponce, et al. | | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):** ORDER GRANTING MOTION FOR PROVISIONAL CLASS CERTIFICATION [22]

Before the Court is Petitioners Maurice Smith, Edgar Vasquez, and Lance Aaron Wilson's Ex Parte Motion for Provisional Class Certification (the "Motion"), filed on May 27, 2020. (Docket No. 22). Respondents Michael Carvajal and Felicia L. Ponce filed an opposition on June 1, 2020. (Docket No. 31). Petitioners filed a reply on June 3, 2020. (Docket No. 33).

At the Court's instruction, Petitioners filed a supplemental brief in support of the Motion ("Petitioners' Supplemental Brief") on February 10, 2021. (Docket No. 108). Respondents filed a supplemental brief in opposition to the Motion ("Respondents' Supplemental Brief") on February 10, 2021. (Docket No. 109). On March 12, 2021, Respondents filed a Notice of Supplemental Authority in opposition to the Motion (the "NoSA"). (Docket No. 113).

The Court has read and considered the papers filed in connection with the Motion and held a telephonic hearing on April 20, 2021, pursuant to General Order 21-03 arising from the COVID-19 pandemic.

For the reasons discussed below, the Motion is **GRANTED**. The putative class satisfies all of the requirements of Federal Rule of Civil Procedure 23(a) and is appropriate for certification under Rule 23(b)(2) because Petitioners complain of a pattern or practice that is generally applicable to the putative class as a whole.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-4451-MWF (MRWx)                    Date:  April 29, 2021
Title:    Lance Aaron Wilson, et al. v. Felicia L. Ponce, et al.

## I.  BACKGROUND

The factual background of this case is set forth in the Court's June 10, 2020 Amended Order Denying Ex Parte Application for Temporary Restraining Order and Order to Show Cause Re Preliminary Injunction.  (Docket No. 41).  The procedural background of this case is set forth in the Court's July 14, 2020 Order Denying the Supplemental Ex Parte Application for Temporary Restraining Order and Order to Show Cause Re Preliminary Injunction.  (Docket No. 58).  The Court incorporates by reference the factual and procedural background set forth in those orders as if fully set forth herein.

## II. DISCUSSION

Petitioners seek certification of the following class:  "All current and future people in post-conviction custody at Terminal Island" (the "Proposed Class").  (Motion at 2).

Federal Rule of Civil Procedure 23(a) requires the putative class to meet four threshold requirements:  numerosity, commonality, typicality, and adequacy of representation.  Fed. R. Civ. P. 23(a)(1)-(4); *see also Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 512 (9th Cir. 2013).  After satisfying the four prerequisites of numerosity, commonality, typicality, and adequacy, a party must also demonstrate one of the following:

> (1) a risk that separate actions would create incompatible standards of conduct for the defendant or prejudice individual class members not parties to the action; (2) the defendant has treated the members of the class as a class, making appropriate injunctive or declaratory relief with respect to the class as a whole; or (3) common questions of law or fact predominate over questions affecting individual members and that a class action is a superior method for fairly and efficiently adjudicating the action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-4451-MWF (MRWx)          **Date:** April 29, 2021
**Title:**     Lance Aaron Wilson, et al. v. Felicia L. Ponce, et al.

*Ahlman v. Barnes*, 445 F. Supp. 3d 671, 683 (C.D. Cal. 2020) (citing Fed. R. Civ. P. 23(b)(1)-(3)).

### A. **Numerosity**

Under Rule 23(a)(1), a class must be "so numerous that joinder of all members is impracticable . . . ." Fed. R. Civ. P. 23(a)(1). No specific number is needed, but "forty or more members will generally satisfy the numerosity requirement." *Arroyo v. United States Dep't of Homeland Sec.*, SACV 19-815-JGB (SHKx), 2019 WL 2912848, at *9 (C.D. Cal. June 20, 2019). Numerosity is satisfied when "general knowledge and common sense indicate that [the class] is large." *Inland Empire-Immigrant Youth Collective v. Nielsen*, EDCV 17-2048-PSG (SHKx), 2018 WL 1061408, at *7 (C.D. Cal. Feb. 26, 2018) (quoting *Cervantez v. Celestica Corp.*, 253 F.R.D. 562, 569 (C.D. Cal. 2008)).

Petitioners seek relief on behalf of all persons incarcerated at Terminal Island. (Motion at 2). The parties agree that there were approximately 1,000 prisoners at Terminal Island during May and June of 2020. (*Id.*). Respondents "do not contest that a class of over 1,000 individuals likely satisfies the numerosity requirement." (Opposition at 10).

The evidence submitted in connection with the later-filed Motion for Preliminary Injunction on testing shows that the inmate population decreased to 701 in January 2021. (Declaration of Victoria Morrison ("Morrison Decl."), Ex. 8 (Docket No. 101-1)). However, this decrease from 1000 inmates to 701 inmates makes little difference for the purposes of Rule 23(a)(1) — 701 putative class members is sufficient to satisfy numerosity. *See Arroyo*, 2019 WL 2912848, at *9 (indicating that a class of forty generally satisfies numerosity). Indeed, Respondents' Supplement Brief does not challenge numerosity.

Accordingly, the Court determines that the Proposed Class satisfies the numerosity requirement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-4451-MWF (MRWx)          Date:  April 29, 2021
Title:    Lance Aaron Wilson, et al. v. Felicia L. Ponce, et al.

### B. **Commonality**

Rule 23(a)(2) requires that the case present "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). To demonstrate commonality, the putative class must show that their claims "depend upon a common contention . . . that it is capable of classwide resolution — which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Commonality can be satisfied by a single common issue. *See, e.g.*, *Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 957 (9th Cir. 2013) (Commonality "does not . . . mean that every question of law or fact must be common to the class; all that Rule 23(a)(2) requires is a single significant question of law or fact.") (citations and internal quotation marks omitted).

Petitioners contend that the Proposed Class satisfies the commonality requirement because all class members are subject to the same practices:  Respondents' unwillingness or inability to institute social distancing, the lack of appropriate sanitation and hygiene measures, and the failure to provide adequate care and monitoring of prisoners regarding COVID-19. (Motion at 3).

Respondents argue that Petitioners cannot satisfy the commonality requirement because the Court would need to perform individualized inquiries to resolve Petitioners' claims. (Opposition at 13-14). Specifically, Respondents point out that each Proposed Class Member presents a different risk profile for COVID-19 based on age, preexisting conditions, and a host of other factors, which precludes a single, indivisible remedy. (*Id.*).

Respondents point out that critical circumstances have changed since the Motion was filed in May 2020, including the following:

- Petitioners Wilson and Smith were offered the Pfizer COVID-19 vaccine, and both chose to refuse it. (Morrison Decl. ¶¶ 21-22, Ex. 6-7 (Docket No. 101-1));

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 20-4451-MWF (MRWx)  **Date:**  April 29, 2021
**Title:**   Lance Aaron Wilson, et al. v. Felicia L. Ponce, et al.

- Wilson was transferred to FCI Lompoc and is a member of that provisional class.  (*Id.* ¶ 21);

- Approximately 72.6% of the inmates at FCI Terminal Island have either recovered from or have been vaccinated against COVID-19.  (*Id.* ¶ 24).

(Respondents' Supplemental Brief at 1).

Based on these assertions, Respondents argue that inclusion of the following categories of inmates in the Proposed Class defeats commonality:  (1) COVID-recovered inmates; (2) vaccinated inmates; and (3) inmates who have refused to take the vaccine when it was offered to them.  (*See id.*).

Respondents' argument that inclusion of COVID-recovered inmates defeats commonality is premised on the theory that inmates who have recovered from COVID-19 are to immune to re-infection.  (Respondents' Supplemental Brief at 2-3).  The Court rejects this argument on the basis that there is no evidence in the record proving that COVID-recovered inmates have complete immunity to COVID-19.

Furthermore, even if the COVID-recovered inmates were treated as vaccinated inmates, the inclusion of these inmates in the Proposed Class would not defeat commonality because the Center for Disease Control and Prevention ("CDC") guidelines designed to protect the health and safety of inmates do not distinguish between vaccinated and unvaccinated inmates (the "CDC Guidelines").  *See* Center for Disease Control and Prevention, *Vaccine FAQs in Correctional & Detention Centers*, CDC.GOV, https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/vaccine-faqs.html (last visited April 28, 2021).  The frequently asked questions ("FAQ") section of the CDC Guidelines explicitly states that correctional facilities should continue to use all forms of prevention even *after* inmates are vaccinated:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-4451-MWF (MRWx)          Date:  April 29, 2021
Title:     Lance Aaron Wilson, et al. v. Felicia L. Ponce, et al.

> **Should correctional settings continue to practice additional prevention strategies (*e.g.*, wearing masks, social distancing) after vaccine has been administered?**
>
> Yes, while experts learn more about the protection that COVID-19 vaccines provide under real-life conditions, CDC continues to strongly recommend for correctional and detention facilities, as well as their surrounding communities, to continue using **all the tools** available to help stop transmission, like continue to wear a mask, stay at least 6 feet (two arm lengths) away from others (social distancing), avoid crowds and poorly ventilated spaces, and wash your hands often if soap and water aren't available, use hand sanitizer containing at least 60% alcohol.
>
> . . .
>
> Until we have more information, it is important that all people — **even people who have received the COVID-19 vaccine** — continue to practice additional prevention strategies.

*Id.* (emphasis added).

The underlying claims here arise under the Eighth Amendment.  The CDC is not the arbiter of what the Eighth Amendment means, just as the content of POST does not define "excessive force" under the Fourth Amendment for police § 1983 cases.  Nonetheless, the CDC Guidelines are a useful surrogate for what the Constitution will ultimately require because the CDC is the United States' primary health protection agency and issues guidance based on the latest scientific research.  *See* Center for Disease Control and Prevention, *Mission, Role and Pledge*, CDC.GOV, https://www.cdc.gov/about/organization/mission.htm (last visited April 28, 2021).  Therefore, under these particular circumstances, where a global pandemic threatens the health and safety of inmates all over the world, the Court views the CDC Guidelines as persuasive authority in evaluating the minimum constitutionally acceptable protections that a prison must provide.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-4451-MWF (MRWx)          Date:  April 29, 2021
Title:    Lance Aaron Wilson, et al. v. Felicia L. Ponce, et al.

    As discussed above, the CDC Guidelines do not distinguish between vaccinated and unvaccinated inmates when explaining how to protect the health and safety of inmates against COVID-19.  (*Id.*).  Therefore, the Court is not convinced that recovering from COVID-19, becoming vaccinated, or refusing the vaccine moots the claims of any member of the Proposed Class, or otherwise defeats commonality.

    Commonality is satisfied where a lawsuit challenges "systemic policies and practices that allegedly expose inmates to a substantial risk of harm," even where there are "individual factual differences among class members."  *Parsons v. Ryan*, 754 F.3d 657, 681-682 (9th Cir. 2014) (collecting cases); *Hernandez v. Lynch*, EDCV 16-00620-JGB (KKx), 2016 WL 7116611, at *17 (C.D. Cal. Nov. 10, 2016), *aff'd sub nom. Hernandez v. Sessions*, 872 F.3d 976 (9th Cir. 2017) (granting class certification where "all Proposed Class members have been subjected to the same bond determination policies and practices by Defendants"); *see also Inland Empire-Immigrant Youth Collective*, 2018 WL 1061408, at *8 (granting class certification where the proposed class was subject to system-wide practice of terminating DACA without notice or opportunity to be heard).  "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class."  *Arroyo*, 2019 WL 2912848, at *9 (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 953 (9th Cir. 2003)).

    Petitioners maintain that their claims raise the following common questions of law and fact:

- Whether members of the Proposed Class are able to engage in social distancing at Terminal Island at all times;

- Whether Terminal Island failed to adopt and implement adequate testing, tracing, quarantine, and isolation protocols to reduce the spread of COVID-19;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-4451-MWF (MRWx)			Date:  April 29, 2021
Title:    Lance Aaron Wilson, et al. v. Felicia L. Ponce, et al.

- Whether members of the Proposed Class are living in sufficiently hygienic living spaces to reduce the spread of COVID-19;

- Whether Terminal Island provided prisoners and staff with appropriate Personal Protective Equipment ("PPE") and adequately enforced the usage of PPE to reduce the spread of COVID-19;

- Whether Terminal Island failed to provide adequate medical monitoring and treatment related to COVID-19;

- Whether Terminal Island's conduct described above subjects the Proposed Class to a heightened risk of serious illness in violation of the Eighth Amendment.

(Motion at 4-5).

The Court determines that Petitioners have sufficiently alleged that all members of the Proposed Class are subject to a system of policies and practices exposing inmates to a substantial risk of harm, and that all members of the Proposed Class face the same common legal and factual questions relating to social distancing, testing, hygiene, and PPE.  (Motion at 4-5).  Accordingly, the Court determines that the Proposed Class satisfies the commonality requirement.  *See Ahlman*, 445 F. Supp. 3d at 685 (rejecting defendants' argument "that commonality is not satisfied because '[e]ach individual has a specific medical profile'") (internal citation omitted); *see also Fraihat v. U.S. Immigration and Customs Enforcement*, 445 F.Supp.3d 709, 738 (C.D. Cal. Apr. 20, 2020) (rejecting defendants' argument "that the proposed classes 'flunk' the commonality requirement due to the factual variation . . . between the degree of COVID-19 threat to each individual").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-4451-MWF (MRWx)          Date:  April 29, 2021
Title:    Lance Aaron Wilson, et al. v. Felicia L. Ponce, et al.

### C.  Typicality

Rule 23(a)(3) requires the putative class to show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The test of typicality is 'whether other members [of the class] have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Parsons*, 754 F.3d at 685 (citation omitted). Typicality is satisfied "when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010) (quotation omitted).

The Court determines that the Proposed Class satisfies the typicality requirement because the named Petitioners and Proposed Class members are subject to the same conduct: Terminal Island's alleged failure to implement appropriate preventative measures, monitoring, and treatment in response to COVID-19. (*See* Complaint ¶ 52); *Rodriguez*, 591 F.3d at 1124. Furthermore, the named Petitioners and Proposed Class members allege the same harm: the significant and avoidable risk of serious illness or death caused by COVID-19. (*See* Complaint ¶ 52); *Parsons*, 754 F.3d at 685.

Respondents' best argument against typicality is that Petitioners Wilson and Smith refused the vaccine. (Morrison Decl. ¶¶ 21-22, Ex. 6-7). As discussed above, vaccination status is irrelevant here because the CDC Guidelines do not distinguish between vaccinated and unvaccinated inmates in setting forth the minimum protections that correctional facilities should implement to protect against COVID-19.

### D.  Adequacy of Representation

Rule 23(a)(4) requires the representative parties (the "Named Petitioners") to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "In making this determination, courts must consider two questions: '(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-4451-MWF (MRWx)	Date:  April 29, 2021
Title:	Lance Aaron Wilson, et al. v. Felicia L. Ponce, et al.

behalf of the class?'"  *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1031 (9th Cir. 2012) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)).

Respondents point out that Named Petitioner Wilson is no longer an inmate at FCI Terminal Island and argue that he therefore cannot be a class representative. (Respondents' Supplemental Brief at 4) (citing *Sosna v. Iowa*, 419 U.S. 393, 103 (1975) ("A litigant must be a member of the class which he or she seeks to represent at the time the class action is certified by the district court.")).  Respondents are correct that Wilson's transfer out of FCI Terminal Island moots his claims.  *See Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995) (prisoner's transfer from one California prison to another rendered his claims for injunctive relief moot).

However, Named Petitioners Vasquez and Smith have no issues relating to adequacy of representation.  The Court is not aware of any conflict between members of the Proposed Class and Vasquez or Smith, respectively.  The Proposed Class is represented by capable counsel from the American Civil Liberties Union Foundation of Southern California, the Prison Law Office, and Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C. ("Counsel").  (Motion at 6).  And there is no reason to believe that named Petitioners and Counsel will not vigorously represent the Proposed Class.

Accordingly, Named Petitioners Vasquez and Smith satisfy the adequacy requirement.

### E.    **Rule 23(b) Requirements**

Rule 23(b)(2) requires Petitioners to establish that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  Fed. R. Civ. P. 23(b)(2); (Motion at 7).  "Rule [23](b)(2) was adopted in order to permit the prosecution of civil rights actions."  *Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998).  As a result, "'[i]t is sufficient' to meet the requirements of Rule 23(b)(2) [that] 'class members complain of a pattern or practice that is generally

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 20-4451-MWF (MRWx) | Date: April 29, 2021 |
| Title: Lance Aaron Wilson, et al. v. Felicia L. Ponce, et al. | |

applicable to the class as a whole.'" *Rodriguez*, 591 F.3d at 1125 (citation omitted) (holding that class of noncitizens detained during immigration proceedings met Rule 23(b)(2) criteria because "all class members [sought] the exact same relief as a matter of statutory or, in the alternative, constitutional right"); *id.* ("The fact that some class members may have suffered no injury or different injuries from the challenged practice does not prevent the class from meeting the requirements of Rule 23(b)(2).").

Petitioners argue that Respondents act on grounds that are generally applicable to the class because Respondents subject all members of the Proposed Class to the same policies or practices. (Motion at 8) (citing Complaint ¶ 52). Specifically, Petitioners argue that Terminal Island's policies do not allow for appropriate social distancing, adequate testing, tracing, quarantining or isolating, or adequately monitoring or treating prisoners to prevent the spread and severity of COVID-19. (*Id.*).

The Court agrees with Petitioners. There is no reasonable dispute that Respondents have acted on grounds that apply generally to the class. And the injunctive relief requested by Petitioners is appropriate for the Proposed Class as a whole because Petitioners requests an injunction mandating the adoption and uniform implementation of appropriate social distancing, hygiene, quarantine/isolation, and treatment practices at Terminal Island. (Complaint ¶¶ 50-54); *Rodriguez*, 591 F.3d at 1125.

Therefore, the Court determines that the Proposed Class satisfies Rule 23(b)(2).

## III. CONCLUSION

The parties deserve a ruling based on the requirements of Rule 23 and here it is. That approach, however, doesn't really address the overall management of this action. Let me drop the third person for a moment. As I said from the bench, the issue of class certification interests me far less than it appears to interest the parties. From its inception, this action has presented the issues at Terminal Island as being prison-wide. It's been understood that any injunctive relief would apply to all inmates, and it's been

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-4451-MWF (MRWx)          Date:  April 29, 2021
Title:    Lance Aaron Wilson, et al. v. Felicia L. Ponce, et al.

on that basis that I've ruled.  Given the way this action has been litigated, I don't understand what difference a class makes one way or the other.  In other words, this action has *always* been treated by all parties as a Rule 23(b)(2) class action, whether so certified or not.

    Here, the government admitted at the hearing that its approach to discovery would differ whether a class was certified or not.  I don't get that.  Regardless of whether a class is certified or not, Petitioners should get the reasonable discovery necessary to attempt to prove their claims, which as I said have always been understood to be prison-wide.  If Respondents don't like that, they should produce just enough discovery to justify a narrow motion for summary judgment, and then prevail on that motion.  In the meantime, I don't intend to connive with the Bureau of Prisons in running out the pandemic clock through discovery disputes based on procedural technicalities.

    Accordingly, the Motion is **GRANTED**.

    IT IS SO ORDERED.