TRACY L. WILKISON
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
KEITH M. STAUB (Cal. Bar No. 137909)
CHUNG H. HAN (Cal. Bar No. 191757)
DANIEL A. BECK (Cal. Bar No. 204496)
JASMIN YANG (Cal. Bar No. 255254)
PAUL B. GREEN (Cal. Bar No. 300847)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-7423
    Facsimile: (213) 894-7819
    E-mail: Keith.Staub@usdoj.gov
           Chung.Han@usdoj.gov
           Daniel.Beck@usdoj.gov
           Jasmin.Yang@usdoj.gov
           Paul.Green@usdoj.gov

Attorneys for Respondents
Felicia L. Ponce and Michael Carvajal

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LANCE AARON WILSON, *et al.*,<br><br>    Plaintiff-Petitioners,<br><br>v.<br><br>FEICIA L. PONCE, in her capacity as Warden of Terminal Island, *et al.*,<br><br>    Defendant-Respondents. | No. CV 20-4451-MWF-MRW<br><br>**JOINT REPORT OF RULE 26(f) MEETING**<br><br>Honorable Michael W. Fitzgerald<br>United States District Judge |

Plaintiff-Petitioners Maurice Smith and Edgar Vasquez ("Petitioners") and Defendant-Respondents Felicia L. Ponce and Michael Carvajal ("Respondents") (Petitioners and Respondents are hereinafter referred to as the "Parties"), by and through their undersigned counsel, hereby submit their Joint Report of Rule 26(f) Meeting as required by Rules 26 and 26(f) of the Federal Rules of Civil Procedure, Local Rule 26-1, and this Court's May 4, 2021 Scheduling Notice and Order [Dkt. No. 129].

On May 14, 2021, a conference of counsel was held by and between counsel for the Parties.

### A. STATEMENT OF THE CASE

Petitioners' Position:

Petitioners filed this class action on May 16, 2020, on behalf of current and future persons incarcerated post-conviction at FCI Terminal Island challenging the Director of the Bureau of Prisons ("BOP") and Warden of Terminal Island's response during the COVID-19 pandemic. The Complaint asserts two causes of action: (1) Unconstitutional Conditions of Confinement in Violation of the Eighth Amendment to the U.S. Constitution pursuant to 28 U.S.C. §§ 2241, 2243; (2) and Unconstitutional Conditions of Confinement in Violation of the Eighth Amendment to the U.S. Constitution pursuant to U.S. Const., Amend. VIII; 28 U.S.C. § 1331; 5 U.S.C. § 702. Petitioners assert that Respondents' response to the COVID-19 pandemic has been so poor that continued incarceration at Terminal Island constitutes a violation of the Eighth Amendment. Petitioners sought relief in the form of a transfer of medically-vulnerable prisoners to home confinement until the circumstances at Terminal Island improve and an injunction requiring Respondents to implement certain measures at Terminal Island to guard against COVID-19 and its continued spread.

Respondents' Position:

Respondents dispute the allegations in the Complaint and dispute Petitioners' Eighth Amendment claims. Respondents maintain that Terminal Island's response to COVID-19 has been in accordance with the Centers for Disease Control and Prevention

1  ("CDC") and BOP guidelines and cannot form the basis of an Eighth Amendment claim.
2  Respondents maintain that they will prove through summary judgment or at trial that
3  Petitioners are not entitled to permanent injunctive relief because the BOP responded
4  diligently and appropriately to the challenges posed by the COVID-19 pandemic.
5  Petitioners' habeas claim was dismissed by the Court on Respondents' motion to dismiss
6  [Dkt. No. 91].

### B. SUBJECT MATTER JURISDICTION

The basis for subject matter jurisdiction in this case is 28 U.S.C. § 1331, 5 U.S.C. § 702 of the Administrative Procedure Act, and Article I, § 9, cl. 2 of the United States Constitution.

### C. LEGAL ISSUES

The Parties anticipate that the principle issue in this case will be whether the current conditions of confinement of the inmates at Terminal Island constitute a violation of the Eighth Amendment.

### D. PARTIES, EVIDENCE, ETC.

Petitioners are Maurice Smith and Edgar Vasquez, residents at FCI Terminal Island. Petitioner Lance Aaron Wilson is no longer incarcerated at Terminal Island [Dkt. No. 127]. Respondents are Felicia L. Ponce, in her capacity as Warden of Terminal Island, and Michael Carvajal, in his capacity as Director of the Bureau of Prisons.

The Parties anticipate that percipient witnesses in the case will include residents and staff at FCI Terminal Island, and that relevant documents will include BOP reports, memoranda, and similar documents related to the COVID-19 pandemic. Respondents also intend to call two experts at trial, as discussed below.

### E. DAMAGES

Petitioners seek injunctive relief as well as attorneys' fees and costs.

### F. INSURANCE

Not applicable.

## G. MOTIONS

At this time, the Parties do not anticipate filing any motions to add other parties or claims, amend the pleadings, or transfer venue.

## H. MANUAL FOR COMPLEX LITIGATION

The Parties agree that this case does not merit the use of the Manual for Complex Litigation.

## I. DISCOVERY

### 1) Initial Disclosures

The Parties have agreed to exchange their Rule 26(a)(1) initial disclosures on or before May 28, 2021. At this time, the Parties do not propose any changes to the timing or form of disclosures or discovery under the rules, or any changes to the limitations of discovery under the rules of Federal Procedure.

### 2) Status of Discovery

Petitioners have served requests for production and interrogatories. Between May 29, 2020 and May 3, 2021, Respondents produced 6,419 pages of documents in this action. Respondents have also responded to the 21 interrogatories issued by Petitioners.

### 3) Discovery Plan

Respondents anticipate serving interrogatories, requests for production, and requests for admissions on Petitioners. At this time, Respondents do not anticipate taking depositions of percipient witnesses.

Petitioners anticipate serving additional written discovery and taking a Rule 30(b)(6) deposition of Respondents, as well as depositions of Respondents' experts.

### 4) Discovery Cut-off

The Parties propose a non-expert discovery cut-off of June 28, 2021.

### 5) Expert Discovery

The Parties propose the following schedule for disclosure of expert testimony:

Disclosure of expert witnesses:     July 9, 2021

Expert discovery cut-off:     July 19, 2021

The Parties do not propose that any changes be made in the form or requirement for disclosure of expert testimony under Federal Rule of Civil Procedure 26(a)(2).

### 6) Preservation of Evidence and Electronically Stored Information

The Parties are not aware at this time of any particular issues concerning the disclosure, discovery, or preservation of evidence, including as this relates to electronically stored information ("ESI").

### 7) Privilege and Protection of Information

The Court has entered Protective Orders pursuant to the Parties' stipulation to protect information disclosed in discovery, including the medical records of inmates. [Dkt. No. 35, 72.] In addition, Respondents believe that certain documents in this case will be protected from disclosure by the attorney-client privilege, attorney work product doctrine, the deliberative process privilege, and/or the law enforcement privilege.

## J. DISPOSITIVE MOTIONS

Respondents intend to file a motion for summary judgment. The issues to be determined include: (1) whether Petitioners can demonstrate deliberate indifference; (2) whether Petitioners would be entitled to any relief; (3) and, whether Petitioners failed to exhaust their administrative remedies.

## K. SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION (ADR)

In September 2020, the Court appointed the Honorable Andrew J. Guilford as mediator in this matter. [Dkt. No. 80]. The Parties engaged in settlement and mediation discussions between October and December 2020 with the assistance of Judge Guilford, but were not able to settle.

## L. TRIAL ESTIMATE

Trial in this case will be by the Court. The Parties estimate that the trial will take three to five days. Petitioners anticipate calling no more than five percipient witnesses. The Respondents anticipate calling six witnesses, not including rebuttal witnesses.

## M. TRIAL COUNSEL

Petitioners are represented by Terry W. Bird, Naeun Rim, and Oliver Rocos of

Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C., and Donald Specter, Sara Norman, Patrick Booth, Jacob Hutt, and Sophie Hart of the Prison Law Office. Respondents are represented by Assistant United States Attorneys Keith M. Staub, Chung H. Han, Daniel A. Beck, Jasmin Yang, and Paul B. Green.

## N. INDEPENDENT EXPERT OR MASTER

Pursuant to Federal Rule of Evidence 706, the Court appointed Dr. Michael Rowe, MD as an expert to conduct a site visit of FCI Terminal Island and provide the Court with his findings. [Dkt. No. 58.] Dr. Rowe conducted a site visit on August 3 and 4, 2020 and a report of his findings was submitted to the Court on August 24, 2020. [Dkt. No. 74]. In February 2021, the Parties conferred with Dr. Rowe about conducting a second site visit. Dr. Rowe, however, responded that he would be unwilling to conduct a second site visit without clear direction from the Court. A copy of Dr. Rowe's February 16, 2021 email is attached hereto as Exhibit B.

## O. TIMETABLE

The Parties propose the following deadlines/dates be set in this case:

| | |
|---|---|
| Last day to hear motion to amend pleadings or add parties: | N/A |
| Non-expert discovery cut-off: | June 28, 2021 |
| Initial disclosure of expert witnesses: | July 9, 2021 |
| Disclosure of rebuttal expert witnesses: | N/A |
| Expert discovery cut-off: | July 19, 2021 |
| Last date to file summary judgment motion: | July 26, 2021 |
| Last date to hear motions: | August 30, 2021 |
| Last day to conduct mediation: | Completed |
| Final pretrial conference: | October 25, 2021 |
| Court trial: | November 16, 2021 |

The Parties have completed the Court's Schedule of Pretrial and Trial Dates Worksheet and attach it as Exhibit A.

### P. OTHER ISSUES

Counsel for the Parties are also counsel for the parties in *Torres v. Milusnic*, Case No. 20-CV-4450 CBM (PVCx), a related class action regarding the conditions of confinement at FCC Lompoc. The pretrial conference in that case is scheduled for July 13, 2021, with a bench trial scheduled to start on August 24, 2021.

Dated: May 21, 2021

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

    /s/ Paul B. Green
KEITH M. STAUB
CHUNG H. HAN
DANIEL A. BECK
JASMIN YANG
PAUL B. GREEN
Assistant United States Attorneys

Attorneys for Respondents

Dated: May 21, 2021

BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.
Terry W. Bird
Dorothy Wolpert
Naeun Rim
Shoshana E. Bannett
Oliver Rocos*
Christopher J. Lee

    /s/ Oliver Rocos
Oliver Rocos

Attorneys for Petitioners

7

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: May 21, 2021 | PRISON LAW OFFICE<br>Donald Specter |
| 3 | | Sara Norman* |
| 4 | | Patrick Booth<br>Jacob J. Hutt |
| 5 | | Sophie Hart |
| 6 | | |
| 7 | | _/s/ Sara Norman_<br>Sara Norman |
| 8 | | Attorneys for Petitioners |

\*Pursuant to Local Rule 5-4.3.4(2), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.